IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No.: _____ |
| vs. | : | |
| | : | |
| RAMNARAIN II, LLC d/b/a HospitalityStaff, | : : | |
| | : | |
| Defendant. | : | |
| _____/ | | |

## PLAINTIFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL [INJUNCTIVE RELIEF SOUGHT]

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Courtnay Boldwin Joseph ("Mr. Joseph") who was adversely affected by such practices.

As alleged with greater particularity in paragraphs 7 through 19 below, the United States Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that Defendant Ramnarain II, LLC d/b/a HospitalityStaff ("HospitalityStaff" or "Defendant") discriminated against Mr. Joseph when it failed to provide him with a religious accommodation and subsequently terminated his employment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful herein were committed within the jurisdiction for the United States District Court for the Middle District of Florida, Orlando Division.

## PARTIES

3.      EEOC is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (f)(3).

4.      At all relevant times, HospitalityStaff has continuously been a Florida corporation doing business in the State of Florida and within the city of Orlando and has continuously had at least 15 employees.

5.      At all relevant times, HospitalityStaff has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (c), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (c), (g), and (h).

## ADMINITRATIVE PROCEEDINGS

6.      More than thirty days prior to the institution of this lawsuit, Mr. Joseph filed a Charge of Discrimination with EEOC alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

7.     Mr. Joseph is a practicing Rastafarian and, as part of his religious beliefs and practices, wears his hair in dreadlocks and does not cut his hair.

8.     HospitalityStaff is a full service staffing agency for the hospitality industry in the Greater Orlando, Florida area that provides temporary and temporary-to-full-time staffing, management staffing, executive recruitment, direct hire staffing, training programs, special events staffing, and on-site programs in the hospitality industry.

9.     Mr. Joseph was interviewed by HospitalityStaff in 2011, and wore his hair in dreadlocks covered by a hat during the interview.

10.     In October 2011, Mr. Joseph began working for HospitalityStaff in a temporary position as a Cook at University of Central Florida.

11.     Shortly thereafter, he was placed as a Prep Cook at Walt Disney World's Shades of Green Resort.

12.     While assigned to Shades of Green Resort and throughout his employment, HospitalityStaff was aware that Mr. Joseph was a practicing Rastafarian.

13.     On February 5, 2013, Walt Disney World Cast Image and Appearance Resource Assistant, Anne Maynard, conducted a random inspection of the kitchen area of the Shades of Green Resort. Mr. Joseph was not working on the day of the inspection thus was not present during the visit.

14.     Following the inspection, two male employees at Shades of Green were asked to cut their hair, and Maynard indicated to HospitalityStaff that future compliance inspections would include the culinary staff removing their hats when asked.

15.     After receiving the results of the inspection, HospitalityStaff's Operations Manager, Steve Averitt, called Mr. Joseph on his day off before he returned to work following the inspection and told him that he had to cut his hair in order to return to work.

16.     Mr. Joseph explained that he could not cut his hair because he was a practicing Rastafarian, and that growing his hair in dreadlocks was a part of his religion, a fact of which he had previously made HospitalityStaff aware.

17.     Mr. Joseph's hair was never mentioned as an issue before this time or at any point during his 16 months of employment.

18.     At the end of this conversation, Operation Manager Averitt told Mr. Joseph to cut his hair or he could not return to work.

19.     Mr. Joseph refused to cut his hair.

20.     Because Mr. Joseph refused to cut his hair, he was terminated.

21.     At the time of his termination and continuing thereafter, Mr. Joseph was not offered another assignment with HospitalityStaff.

22.     As a result of HospitalityStaff's conduct, Mr. Joseph suffered damages.

## STATEMENT OF CLAIMS

23.     HospitalityStaff engaged in an unlawful employment practice in violation of 42 U.S.C. § 2000e-2(b) by failing to accommodate Mr. Joseph's sincerely held religious beliefs and by terminating him as a result.

24.     The effect of the practices complained of in paragraphs 7 through 22 has been to deprive Mr. Joseph of equal employment opportunities and otherwise adversely impact his status as an employee because of his religion.

25.     The unlawful employment practices complained of in paragraphs 7 through 22 above caused Mr. Joseph to suffer emotional distress, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or physical injuries.

26.     The unlawful employment practices complained of in paragraphs 7 through 22 above caused Mr. Joseph to lose earnings, compensation and income including, but not limited to, back-pay.

27.     The unlawful employment practices complained of in paragraphs 7 through 22 above were done with malice or with reckless indifference to the federally protected rights of Mr. Joseph.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining HospitalityStaff, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in religious discrimination against employees, retaliating against employees who object to religious discrimination, and engaging in any other employment practice that discriminates on the basis of religion.

B.     Order HospitalityStaff to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees of all religions and that eradicate the effects of its past and present unlawful employment practices.

C.     Order HospitalityStaff to make whole Mr. Joseph by providing all affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but

not limited to, reinstatement of Mr. Joseph into his former or a substantially similar position, with a religious accommodation.

    D.    Order HospitalityStaff to make whole Mr. Joseph by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 22, including, but not limited to, back-pay, prejudgment interest, and all out-pocket expenses, in amounts to be determined at trial;

    E.    Order Defendant to make whole Mr. Joseph by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7 through 22 including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Mr. Joseph punitive damages for its malicious and reckless conduct described in paragraphs 7 through 22 above, in amounts to be determined at trial;

    G.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    H.    Award EEOC its costs in this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its Complaint.

Dated: July 12, 2016

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

ROBERT WEISBERG
Regional Attorney
Florida Bar No: 285676

KIMBERLY A. CRUZ
TRIAL COUNSEL
Supervisory Trial Attorney
Florida Bar No: 153729

Equal Employment Opportunity
Commission
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 305-808-1790
Kimberly.cruz@eeoc.gov