IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                  Plaintiff,            Case No.: 6:16-cv-01250-CEM-DAB

v.

RAMNARAIN II, LLC
d/b/a HOSPITALITY STAFF,

                  **Defendant.**
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

COMES NOW the Defendant, RAMNARAIN II, LLC, by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to the Complaint brought against it by the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION o/b/o Courtney Boldwin Joseph (collectively "Plaintiff" or "Joseph"). In doing so, Defendant responds to each and every allegation in the enumerated paragraphs of Plaintiff's Complaint. All allegations not expressly admitted herein are denied. To the extent that the two (2) un-numbered introductory paragraphs contained in Plaintiff's complaint represent allegations, they are denied.

### JURISDICTION AND VENUE

1. Defendant admits that jurisdiction is proper. Defendant otherwise denies the allegations contained in paragraph 1.

2. Defendant admits that venue is proper. Defendant otherwise denies the allegations contained in paragraph 2 and specifically denies that it committed any unlawful employment practices.

## PARTIES

3. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, denies same.

4. Defendant denies the allegations contained in paragraph 4.

5. The allegations contained in paragraph 5 represent legal conclusions to which no response is required. Defendant otherwise denies the allegations contained in paragraph 5.

## ADMINISTRATIVE PROCEEDINGS

6. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies same.

## STATEMENT OF FACTS

7. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, therefore, denies same.

8. Defendant admits the allegations contained in paragraph 8.

9. Defendant admits that it interviewed Joseph sometime in 2011 and that he wore a hat during the interview. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegation in paragraph 9 that Joseph wore his hair in dreadlocks at that time.

10. Defendant admits that it hired Joseph on or about June 24, 2011 as a temporary associate and subsequently assigned him to a variety of work locations. Defendant denies any remaining allegations contained in paragraph 10.

11. Defendant admits that Joseph was eventually assigned to Walt Disney World's Shades of Green as a temporary cook and worked there from approximately January 2012 until February 2013. Defendant denies any remaining allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant admits that an inspection took place as alleged but denies that Joseph was not working on that day.

14. Defendant admits the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and, therefore, denies same.

20. Defendant denies the allegations contained in paragraph 20 and specifically denies that it terminated Joseph's employment.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

## STATEMENT OF CLAIMS

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

Defendant further denies that Plaintiff and/or Joseph are entitled to any relief requested in their Prayer for Relief and hereby place them on notice that should Defendant be determined to be the prevailing party in this matter that it will seek and award of its costs and attorneys' fees

incurred in defending this action pursuant to the applicable statutes under which this case has been brought.

### FIRST AFFIRMATIVE DEFENSE

Joseph's Complaint fails to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Defendant did not discriminate against Joseph on the basis of any protected category under the law, including his purported religion. Defendant routinely enforces its own grooming policies as well as those of its clients without regard to the affected employees' protected category under the law, including their religious preferences or practices.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff claims should be dismissed on the basis that Joseph cannot meet the requirements of a prima facie case of religious discrimination. Specifically, he cannot show that he had a bona fide religious belief that conflicted with his employment duties.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff claims should be dismissed on the basis that Joseph cannot meet the requirements of a prima facie case of religious discrimination. Specifically, he cannot show that he timely informed Defendant of a bona fide religious belief that conflicted with his employment duties.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff claims should be dismissed on the basis that Joseph cannot meet the requirements of a prima facie case of religious discrimination. Specifically, he cannot show that Defendant discharged him, threatened him, or subjected him to discriminatory treatment because of any bona fide religious belief that conflicted with his employment duties.

**SIXTH AFFIRMATIVE DEFENSE**

Lateral transfers, such as were made available to Joseph in an attempt to provide a reasonable accommodation to him, constitute a reasonable accommodation for employees with religious restrictions.

**SEVENTH AFFIRMATIVE DEFENSE**

Lateral transfers that do not result in lesser pay, responsibilities or prestige, such as were made available to Joseph in an attempt to provide a reasonable accommodation to him, do not constitute a discharge, threat, or discriminatory treatment sufficient to constitute an adverse employment action.

**EIGHTH AFFIRMATIVE DEFENSE**

Lateral transfers of an employee into a job that he or she does not like as well as the prior job, which is an objective determination, do not constitute a discharge, threat, or discriminatory treatment sufficient to constitute an adverse employment action.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff claims should be dismissed on the basis that Defendant did not discharge, threaten, or subject Joseph to discriminatory treatment sufficient to constitute an adverse employment action on the basis of his alleged religion or any other category protected under the law. He was invited and encouraged to call in for new assignments at other locations but, instead, chose to abandon his employment.

**TENTH AFFIRMATIVE DEFENSE**

Defendant provided Joseph with a reasonable accommodation by inviting him and encouraging him to call in for new assignments at other locations but he refused to take advantage of this reasonable accommodation and, instead, chose to abandon his employment. No

other reasonable accommodation existed that would not have resulted in an undue hardship for Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Joseph failed to reasonably confer with Defendant on the identification of any reasonable accommodation.

## TWELFTH AFFIRMATIVE DEFENSE

The employment restriction at issue, Walt Disney World's grooming policy, is based upon a legitimate non-discriminatory basis, that of sanitation in food preparation and service.

## THIRTEENTH AFFIRMATIVE DEFENSE

For Defendant to attempt to require Walt Disney World to change its grooming policies to accommodate Joseph would not constitute a reasonable accommodation.

## FOURTEENTH AFFIRMATIVE DEFENSE

For Defendant to allow Joseph to continue to work at Shades of Green in violation of Disney's grooming policies would constitute an undue hardship for Defendant because it would ultimately lead to the termination of its contract with Walt Disney World.

## FIFTEENTH AFFIRMATIVE DEFENSE

Joseph did not place Defendant on fair notice of any religious affiliation or religious obligation at the time of his hire or anytime thereafter until the issue arose with compliance with the grooming policies of Walt Disney World.

## SIXTEENTH AFFIRMATIVE DEFENSE

Rastafarianism is not a religion.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Rastafarianism is a religion, refraining from cutting one's hair is not a requirement of practicing the religion.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Joseph has failed to mitigate any of his alleged damages. He was offered new assignments at other locations but he refused to take advantage of this reasonable accommodation and, instead, chose to abandon his employment.

### NINETEENTH AFFIRMATIVE DEFENSE

Joseph's claim for relief under 42 U.S.C. § 1981(a) is subject to statutory limitations set forth in 42 U.S.C. § 1981(a)-(b).

### TWENTIETH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant acted in good faith and without malice or reckless indifference to Joseph's rights.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Joseph's claims are barred to the extent they fail to comply with any applicable statute of limitations or administrative prerequisites such as filing suit within 90-days of receiving his Right-to-Sue notice.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Joseph's claims are frivolous, unreasonable, and groundless and, accordingly, Defendant, upon prevailing, will seek an award of its attorney's fees and costs incurred in defending this action.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Any decisions made pursuant to Joseph's employment were made based upon legitimate non-discriminatory reasons and had nothing to do with his alleged religious practices or beliefs.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of August, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy via email to the following: Robert Weisberg, Esq., and Kimberly A. Cruz, Equal Opportunity Commission, Miami District Office, Miami Tower, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 to robert.weisberg@eeoc.gov and Kimberly.cruz@eeoc.gov.

*/s/ John W. Bolanovich*
John W. Bolanovich
Fla. Bar No. 143707
Bogin, Munns & Munns, P.A.
2601 Technology Drive
Orlando, FL 32804
(P.O. Box 2807, Orlando, FL 32802)
Telephone: (407) 578-1334
Facsimile:   (407) 578-2181
Primary E-mail: jbolanovich@boginmunns.com
Secondary E-mail: bmmservice@boginmunns.com
Alternate E-mail: dskora@boginmunns.com
Counsel for Defendant