UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES EQUAL**
**EMPLOYMENT OPPORTUNITY**
**COMMISSION,**

        **Plaintiff,**

v.                                       **Case No:  6:16-cv-1250-Orl-41DCI**

**RAMNARAIN II, LLC,**

        **Defendant.**
                                     /

## ORDER

THIS CAUSE is before the Court on the parties' Joint Motion for Approval and Entry of Consent Decree ("Joint Motion," Doc. 22). The parties request that this Court enter the proposed Consent Decree (Doc. 22-1) and retain jurisdiction to enforce the same.

For the reasons set forth in the Joint Motion and pursuant to this Court's inherent equitable authority, the Joint Motion will be granted in part. The injunctive relief set forth in paragraphs nine though eleven of the proposed Consent Decree, (*see id.* at 3), will not be ordered as this Court lacks the authority to order parties to comply with the law. *See Elend v. Basham*, 471 F.3d 1199, 1209 (11th Cir. 2006) ("It is well-established in this circuit that an injunction demanding that a party do nothing more specific than 'obey the law' is impermissible." (citing *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999)). In all other respects, the proposed Consent Decree, as modified herein, will be made a part of this Order.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

    1. The Joint Motion for Approval and Entry of Consent Decree (Doc. 22) is **GRANTED in part**.

2. The Clerk is directed to terminate all other pending motions and close this case.

It is further **ORDERED** that:

3. This Court makes the following findings:

   a. This Court has jurisdiction over the subject matter of this action and the parties.

   b. No party shall contest the jurisdiction of this Court to enforce this Order and Consent Decree and its terms or the right of the United States Equal Employment Opportunity Commission (the "EEOC") to bring an enforcement suit upon alleged breach of any term or terms of this Order and Consent Decree.

   c. The terms of this Order and Consent Decree are adequate, fair, reasonable, equitable, and just. The rights of Courtnay Baldwin Joseph (the "Charging Party") and the public interest are adequately protected by this Order and Consent Decree.

   d. This Order and Consent Decree conforms to the Federal Rules of Civil Procedure and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII"), and is not in derogation of the rights or privileges of any person. The entry of this Order and Consent Decree will further the objectives of Title VII and will be in the best interests of the Charging Party, Defendant, the EEOC, and the public.

   e. The terms of this Order and Consent Decree are and shall be binding upon Defendant, its managers, and its successors and assigns.

4. The following Consent Decree is entered:

# **CONSENT DECREE**

**I.    INTRODUCTION AND GENERAL PROVISIONS**

1. The EEOC alleges that Defendant violated Title VII by failing to accommodate the Charging Party's sincerely held religious beliefs and by terminating his employment.

2. In the interest of resolving this matter, to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding on the parties, their successors, and assigns.

3. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties. By mutual agreement of the parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

4. If one or more of the provisions are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

5. This Decree fully and finally resolves any and all issues and claims asserted in the Complaint (Doc. 1) filed by the EEOC in this action. No party admits the claims or defenses of the other.

6. The parties acknowledge that this Decree does not resolve any charges of discrimination that may be pending with the EEOC against Defendant.

## II. RELIEF FOR CHARGING PARTY

7. Defendant shall pay the Charging Party the total sum of $30,000.00 in settlement of the claims raised in this action.

    a. This sum represents compensatory damages.

    b. The first payment of $15,000.00 shall be made within ten calendar days following the entry of this Decree;

    c. The second payment of $7,500.00 shall be made no later than six months and ten days from the date of entry of this Decree; and

    d. The third and final payment of $7,500.00 shall be made no later than twelve months and ten days from the date of entry of this Decree.

8. Each payment shall be made payable to Courtnay Baldwin Joseph and shall be delivered, via certified mail or via Federal Express, to: Jerry Girley, Esq., THE GIRLEY LAW FIRM, P.A., 125 East Marks Street, Orlando, Florida 32803. Copies of the payments and related documents—including copies of I.R.S. Form 1099-S—shall be sent contemporaneously with checks, forms, or other communications sent to the Charging Party to the attention of the "EEOC Regional Attorney, Robert E. Weisberg, Re: Hospitality Staff Consent Decree," at United States Equal Employment Opportunity Commission, Miami Tower, l00 SE 2nd Street, STE 1500, Miami, Florida 33131.

9. If the Charging Party fails to timely receive the payments described in paragraph 7 above, then Defendant shall pay interest on the defaulted payments at a rate

calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of the EEOC's efforts to enforce this Decree in federal court. The parties acknowledge that this sum is a debt collectible by the United States.

10. If a prospective employer contacts Defendant about the Charging Party's employment, Defendant agrees to provide the Charging Party with a reference in the form of the letter attached hereto as Appendix A. If Defendant receives any inquiries regarding the employment of the Charging Party, in lieu of an oral response, Defendant shall provide a copy of the appropriate aforementioned letter. No mention of the charge of discrimination or this lawsuit shall be made as part of any reference.

### III. ACCOMMODATION POLICY

11. Defendant must amend their Employee Handbook, which captures all of its employment policies, to include an accommodation policy (the "Policy"), consistent with this Decree.

12. The Policy shall include a formal, written procedure for addressing requests for accommodations, religious or otherwise, received from employees. The Policy must specify the following:

    a. Defendant shall respond to all requests for accommodations in writing within ten calendar days of the request.

    b. To the extent that Defendant denies a request for a religious accommodation, it will provide a written explanation setting forth all reasons for the denial.

13. The Policy must clearly define prohibited conduct and specifically prohibit religious discrimination against all employees.

14. The Policy must specify the following:

    a. Prohibited behavior will not be tolerated from its employees, customers, agents, contractors, sub-contractors, clients, or any other persons present at any of Defendant's facilities and locations;

    b. Complaints of discrimination based on failure to accommodate may be made to any manager or directly to human resources personnel;

    c. Employees who make such complaints or provide information related to such complaints will be protected against retaliation;

    d. Employees will not be required to complain of the failure to accommodate directly to the individual that is engaged in the discriminatory behavior;

    e. Defendant will protect the confidentiality of such complainants to the extent possible and will promptly and thoroughly investigate all complaints;

    f. Defendant will take immediate and appropriate corrective action when it determines that religious-based discrimination or a failure to accommodate has occurred; and

    g. Employees who violate the Policy are subject to discipline, up to and including discharge.

15. A copy of this Policy will be added to a newly revised version of Defendant's existing Employee Handbook and provided to the EEOC for review within thirty calendar days of the entry of this Decree. Thereafter, copies of the Policy will be distributed to each of Defendant's managers within sixty calendar days of the entry of this Decree and to Defendant's new employees at the time of hire.

16. The Policy must be mailed to each currently existing employee within sixty calendar days of the entry of this Decree, along with a cover letter identifying to whom requests for accommodations may be made and noting that the Policy can be provided in Spanish upon request.

17. The Policy must be kept and maintained in a conspicuous and accessible place for all employees of Defendant and printed in a font that is easily legible—at least eleven point font—in English, and in Spanish upon request.

18. New employees will receive a copy of the Policy on their first day of employment as part of Defendant's Employee Handbook. The manager responsible for distributing the company's policies to each new employee will specifically review the Policy, in person, with each new employee at the time of hire for the duration of this Decree.

## IV. TRAINING

19. Provisions related to "Training" in this section shall apply to managers, supervisors, and human resources personnel and any other individual who has responsibility to hire or place employees with Defendant's client-employers ("Required Participants").

20. Defendant shall provide these Required Participants with two hours of live training, (the "Management Training"). The first Management Training shall take place within ninety calendar days of the entry of this Decree.

21. The Management Training shall include the following: (1) an explanation of the prohibition against religious discrimination, the requirements for religious accommodation, and the prohibition against retaliation under Title VII with emphasis on instruction that customers' or clients' preferences do not permit an employer to avoid compliance with Title VII and to avoid making otherwise reasonable religious accommodations; (2) an explanation of the rights and responsibilities of managers, supervisors, and employees under Title VII and the Policy; and (3) guidance on conducting investigations into equal employment opportunity complaints and the need for confidentiality.

22. Thereafter, the remainder of the live Management Training sessions shall take place annually and no later than October 30th of each year throughout the duration of the Decree. They shall last no less than one hour and shall include a legal refresher on the topics identified in paragraph 20 and, to the extent there is time left over, also include other legal updates on then current equal employment opportunity topics.

23. The Management Training sessions shall be conducted by John Bolanovich, Esq. of Bogin, Munns and Munns. Defendant agrees to provide the EEOC with at least three weeks' written notice before conducting the training sessions pursuant to this Decree. In the written notice, Defendant shall notify the EEOC of the dates on which the training is scheduled and the name and job title of each person who will attend the training.

24. Defendant agrees to provide the EEOC, upon request, with any and all copies of pamphlets, brochures, outlines, or other written materials provided to the participants of the training sessions. Additionally, Defendant agrees that the EEOC may, at the EEOC's discretion, attend any training.

**V.    POSTING OF NOTICE**

25. Within ten calendar days from the entry of this Decree, Defendant shall post an eleven inches by fourteen inches laminated copy of the Notice, attached as Appendix B hereto, at Defendant's facility in a conspicuous location, easily accessible to and commonly frequented by Defendant's employees—i.e., an employee bulletin board or lunch room. The Notice shall remain posted for three years from the date of entry of this Decree. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. Within fifteen calendar days from the entry of this Decree, Defendant shall certify to the EEOC in writing that the Notice has been properly posted as described in this paragraph.

**VI.   REPORTING**

26. Defendant shall furnish to the EEOC written reports annually for a period of three years following entry of this Decree. The first report shall be due one calendar year after entry of the Decree and each subsequent year thereafter. Each such report shall contain:

    a. A certification that the Notice required to be posted in paragraph 25 above remained posted during the entire year preceding the report;

    b. A description of each complaint of religious discrimination or request for religious accommodation received by Defendant within the twelve month period preceding the report, whether verbal or written, formal or informal. Upon request by the EEOC, Defendant shall provide the names, last known home addresses, home telephone numbers, and cellular telephone numbers of the complaining parties;

    c. A description of what action, if any, Defendant took in response to the complaint or request;

    d. Upon request by the EEOC, Defendant shall provide the names of any witnesses to each complaint or request; and

    e. The resolution of each complaint or request occurring within the twelve month period preceding the report. To the extent that Defendant denies a request for an accommodation, Defendant shall provide all of the reasons why the request was denied.

    f. In the event there are no complaints of discrimination or requests for religious accommodation to report pursuant to this paragraph, Defendant shall send the EEOC a report indicating that no such activity occurred.

## VII. COMPLIANCE

27. The EEOC may review compliance with this Decree at any time during its duration and shall initiate its review by contacting Defendant's counsel, John Bolanovich, Esq.

28. As may be necessary to assessing compliance with this Decree, the EEOC may request the last known home address, home telephone number, and mobile

telephone number of relevant persons within Defendant's employ during the term of the Decree. Defendant shall provide the EEOC with such information within five business days of the EEOC's request. Moreover, Defendant shall permit employees to speak confidentially with the EEOC for purposes of verifying compliance with this Decree. In the event that the EEOC is unable to contact an employee for purposes of verifying compliance with this Decree, it shall notify Defendant and Defendant shall, within five business days, provide the EEOC with the employee's scheduled hours of work over the next fourteen calendar day period so that the EEOC can conduct these interviews at the employee's convenience, at the end of the work day, or at some other time convenient to the employee and the EEOC. Defendant agrees that it will not discourage employees from participating in these interviews.

29. If at any time during the term of this Decree, the EEOC suspects that Defendant is in violation of the Decree, the EEOC shall have a right to conduct an inspection at Defendant's facility. The EEOC must provide Defendant with seventy-two hours' notice of its intent to conduct an inspection by notifying John Bolanovich, Esq. of the upcoming inspection via electronic mail at jbolanovich@boginmunns.com. After the inspection, the EEOC shall give notice of any alleged violations to Defendant. Thereafter, the parties shall follow the Dispute Resolution Procedure set forth in paragraphs 33–35 below.

30. Any submissions, reports, certifications, notices, or other materials that are required to be submitted to the EEOC shall be mailed to the attention of the "EEOC Regional Attorney, Robert E. Weisberg, Re: Ramnarain II Consent Decree," at United States

Equal Employment Opportunity Commission, Miami Tower, 100 SE 2nd Street, STE 1500, Miami, Florida 33131.

### VIII.  NOTIFICATION OF SUCCESSORS

31. Defendant shall provide prior written notice to any potential purchaser of its business, a purchaser of all or a portion of Defendant's assets, and to any other potential successor of the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of this Decree.

### IX.  DURATION

32. This Decree shall be in effect for a period of three years, which period commences immediately upon the entry of the Order and Consent Decree.

### X.  DISPUTE RESOLUTION

33. In the event that the EEOC believes that Defendant has failed to comply with any provisions of the Decree, the EEOC will notify Defendant and Defendant's staff must make a good faith attempt to cure any breach of the Decree within thirty business days of the notification. This paragraph shall not apply, however, to the payment required by paragraph 7 above.

34. Following the cure period, and consistent with Title VII, the EEOC shall have the right to bring an action to enforce the Decree or remedy any breach in this Court.

35. No party shall contest the Court's jurisdiction to hear a dispute arising from the Decree nor challenge the EEOC's ability to bring an action to enforce the terms of the Decree in this Court.

### XI.  COSTS

36. Each party to this Decree shall bear its own costs associated with this litigation, including attorney's fees.

37. Defendant shall bear all costs incurred by the EEOC caused by non-compliance with this Decree, including but not limited to any and all costs arising out of the EEOC's efforts to enforce this Decree or remedy any breach in this Court.

**DONE** and **ORDERED** in Orlando, Florida on June 12, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

## **APPENDIX A**

REFERENCE

Dear _____,

      This letter is in reference to your request for information regarding the employment of Courtnay Baldwin Joseph.

      Courtnay Baldwin Joseph served as a [job title] for Hospitality Staff from _____ to _____. Company policy does not permit us to provide any additional information concerning Courtnay Baldwin Joseph's employment, but I am sure he can provide you with the details concerning his duties at Hospitality Staff.

      I hope this information is helpful and that it satisfactorily answers your inquiry.

Very truly yours,


_____
[Title of Human Resources Personnel]
on behalf of Hospitality Staff

**APPENDIX B**

NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to an Order and Consent Decree entered by the United States District Court in *United States Equal Employment Opportunity Commission v. Ramnarain II*, No: 6:16-cv-1250-Orl-41DCI (M.D. Fla.). In this case, the Equal Employment Opportunity Commission ("EEOC") alleged that Ramnarain II, doing business as Hospitality Staff ("Hospitality Staff"), discriminated against an employee by failing to provide him a religious accommodation and terminating his employment. The EEOC and Hospitality Staff resolved the litigation through a settlement, whereby neither party admitted the claims or defenses of the other.

Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") protects individuals from employment discrimination because of their religion and requires employers to accommodate the sincerely held religious beliefs of its employees. An employer's or company's customer or client preference does not permit it to avoid compliance with Title VII or to avoid making otherwise reasonable religious accommodations.

Hospitality Staff will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, religious discrimination. It is the policy of Hospitality Staff to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, or disability. There will be no intentional discrimination in violation of the provisions of Title VII; the Age Discrimination in Employment Act; the Equal Pay Act of 1963; or the Americans with Disabilities Act.

Hospitality Staff assures its employees that it supports Title VII and will not take any action against an individual because he or she has exercised his or her rights under the law to oppose discriminatory acts or to file charges with the EEOC. Appropriate corrective action, up to and

including termination, based upon the circumstances involved, shall be taken against any employee—including management personnel—found to have violated Hospitality Staff's policy prohibiting discrimination.

      The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact the EEOC at (305) 808-1740. The EEOC charges no fees and has employees who speak languages other than English.

      This Notice must remain posted for three years from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice may be directed to: Ramnarain II Consent Decree, c/o EEOC, Miami Tower, 100 SE 2nd Street, STE 1500, Miami, Florida 33131.

Date: _____